# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **EDELMAN FINANCIAL ENGINES, LLC,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 19-2026-DDC-GEB** |
| **ERIK HARPSOE and BRIAN K. FOWLES,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Erik Harpsoe and Brian K. Fowles's "Combined Motions to Dismiss for Lack of Subject Matter Jurisdiction, to Dissolve Temporary Restraining Order, and to Award Defendants Damages Under the Bond." Doc. 47. The court, defendants contend, lacks subject matter jurisdiction over plaintiff's lawsuit because plaintiff Edelman Financial Engines, LLC, has conceded it is "highly likely" diversity jurisdiction does not exist and, further, plaintiff's Amended Complaint raises no federal question. The court agrees for the reasons explained below. Because the court concludes it lacks subject matter jurisdiction, it dismisses plaintiff's Amended Complaint without prejudice. The court also vacates the Temporary Restraining Order. And, last, the court directs the parties to submit additional briefing on whether defendants may recover damages on the bond.

## I.      Facts

Plaintiff is a limited liability company who provides financial services. Doc. 1 at 1–2 (Compl. ¶¶ 1–2). Defendants are two former employees who reside in Cleveland, Ohio. *Id.* at 2 (Compl. ¶¶ 3–4). On January 17, 2019, defendants resigned from plaintiff's Cleveland office.

*Id.* at 1 (Compl. ¶ 1). And, plaintiff alleges, defendants began soliciting plaintiff's customers in violation of their contracts with plaintiff and trade secret law. *Id.* (Compl. ¶ 1). In response, plaintiff filed a lawsuit in this court alleging two state law causes of action: (1) breach of contract and (2) breach of common law duty of loyalty. Doc. 1 at 8–9 (Compl. ¶¶ 28–38). And, plaintiff invoked the court's diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at 2 (Compl. ¶ 5). One day later, plaintiff filed an Amended Complaint. Doc. 3 (Am. Compl.). The Amended Complaint added a third state law claim—misappropriation of trade secrets under the Kansas Uniform Trade Secrets Act ("KUTSA"), Kan. Stat. Ann. §§ 60-3320–3330—and, again, invoked § 1332 as the court's basis for subject matter jurisdiction. *Id.* at 3 (Am. Compl. ¶ 5), 16–18 (Am. Compl. ¶¶ 61–71). The Amended Complaint also requested injunctive relief. *Id.* at 18–20 (Am. Compl. ¶¶ A.1–B).

On January 19, 2019—two days after plaintiff filed its lawsuit—plaintiff filed a Motion for Temporary Restraining Order ("TRO"). Doc. 4. The court conducted a hearing with the parties on January 24, 2019, and, based on its diversity jurisdiction, the court granted plaintiff's motion. Doc. 14. It appeared that all parties agreed that complete diversity existed as the two defendants here had sued plaintiff in the United States District Court for the Northern District of Ohio. *Id.* at 4 (citing *Fowles v. Fin. Engines, Inc.*, No. 1:19-cv-00139-JG (N.D. Ohio Jan. 17, 2019)). In the Ohio suit the two defendants in this case likewise invoked diversity jurisdiction and alleged that complete diversity existed between them and the plaintiff in this case. Complaint at 2, *Fowles v. Fin. Engines, Inc.*, No. 1:19-cv-00139-JG (N.D. Ohio Jan. 17, 2019).[1] The TRO restrained each defendant from violating the terms of his agreement with plaintiff;

---

[1] Four months after the TRO hearing in this court, Mr. Harpsoe and Mr. Fowles voluntarily dismissed their lawsuit in the District of Ohio. Notice of Voluntary Dismissal Without Prejudice, *Fowles v. Fin. Engines, Inc.*, No. 1:19-cv-00139-JG (N.D. Ohio May 13, 2019).

causing or attempting to cause any of plaintiff's customers from ending or reducing their relationship with plaintiff; using or disclosing any of plaintiff's trade secrets or confidential information; and avoiding discovery by destroying or concealing plaintiff's trade secrets or confidential information. *See id.* at 7. The court also directed plaintiff to provide $100,000 in security for the TRO. *Id.*

On March 1, 2019, the court held a conference call with the parties. The court questioned whether complete diversity jurisdiction existed based on plaintiff's status as a limited liability company. Specifically, a limited liability company "takes the citizenship of all its members." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015). The governing standard thus requires complete diversity of citizenship—*i.e.*, plaintiff must allege that no LLC member on plaintiff's side of the case caption is a citizen of the same state as either individual named on the defendants' side of the caption. *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). In response, plaintiff submitted a Supplemental Filing in Support of Subject Matter Jurisdiction. Doc. 44. In its filing, plaintiff conceded that

> there lies in the chain of ownership an investment partnership with a substantial amount of limited-partner investors who are based all over the country, and [plaintiff] believes it highly likely that this group of limited-partner investors includes an Ohio citizen who would, in essence, infuse [plaintiff] with Ohio citizenship, thereby negating diversity jurisdiction.

*Id.* at 2–3. Defendants then filed their "Combined Motions to Dismiss for Lack of Subject Matter Jurisdiction, to Dissolve Temporary Restraining Order, and to Award Defendants Damages Under the Bond." Doc. 47. And the parties completed briefing on that motion. Doc. 52, 54. Plaintiff contends that although diversity may be lacking, its Amended Complaint implicitly states a claim under the federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, *et seq.* Alternatively, plaintiff asserts that 28 U.S.C. § 1653 permits the court to amend

plaintiff's defective jurisdictional statement by adding a federal DTSA claim after defendants have challenged this court's subject matter jurisdiction.

Having reviewed the parties' papers and arguments, the court concludes that it lacks subject matter jurisdiction and thus it dismisses plaintiff's Amended Complaint without prejudice. The court also dissolves the TRO. And the court permits the parties to file additional briefs addressing whether defendants are entitled to damages under the bond. Last, without subject matter jurisdiction, the court directs the Clerk to terminate defendants' Motion to Transfer Case (Doc. 6) and plaintiff's Motion for Order to Show Cause (Doc. 34).

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(1) "allows a court to dismiss a complaint for lack of subject matter jurisdiction." *Pueblo of Jemez v. United States*, 790 F.3d. 1143, 1151 (10th Cir. 2015) (citing *Becker v. Ute Indian Tribe of the Unitah & Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014)). "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 256 (2013)) (further citation omitted). As such, "[f]ederal subject matter jurisdiction is elemental . . . and its presence must be established in every cause under review in the federal courts." *Id.* (quoting *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1022 (10th Cir. 2012)).

When challenged, the party invoking federal jurisdiction must shoulder the burden to establish facts necessary to support jurisdiction by the preponderance of the evidence. *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994); *see also 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) ("Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter

jurisdiction 'at any stage in the litigation.'" (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506, 514 (2006))). When this burden goes unsatisfied, the court must refrain from exercising its subject matter jurisdiction. *Pueblo of Jemez*, 790 F.3d at 1151 ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." (quoting *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013))).

## III.   Discussion

### A.   Plaintiff's Amended Complaint raises no federal question on its face nor does its state law claims implicate a substantial question of federal law.

On January 17, 2019, plaintiff filed its Complaint asserting two state law claims—breach of contract and breach of common law duty of loyalty—against defendants. Doc. 1 at 8–9 (Compl. ¶¶ 28–38). The next day, plaintiff filed an Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15(a). Doc. 3 (Am. Compl.). The Amended Complaint included a new state law claim for misappropriation of trade secrets under KUTSA, and it also requested injunctive relief. *Id.* at 16–19 (Am. Compl. ¶¶ 61–D). So, when the court conducted a hearing on plaintiff's Motion for Temporary Restraining Order on January 24, 2019, the Amended Complaint served as the operative pleading. Under the Amended Complaint, plaintiff invoked the court's subject matter jurisdiction under 28 U.S.C. § 1332—*i.e.*, the diversity jurisdiction statute. Doc. 3 at 3.

Now, in response to the court's Order to Show Cause, plaintiff has conceded that it is "highly likely" that diversity jurisdiction did not exist when it filed its Amended Complaint. Doc. 52 at 4–5. The court accepts this statement as a concession that plaintiff could not carry its jurisdictional burden under 28 U.S.C. § 1332. Instead, plaintiff contends the Amended Complaint raises a federal question and thus the court may exercise federal question jurisdiction

5

under 28 U.S.C. § 1331. Specifically, plaintiff asserts that the facts alleged in its Amended Complaint support a claim under the DTSA. But, under the well-pleaded complaint rule, the court concludes that plaintiff's Amended Complaint does not present a federal question.

Federal courts exercise "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To determine whether [a] claim arises under federal law, [courts] examine the 'well[-]pleaded' allegations of the complaint and ignore potential defenses . . . ." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003)) (further citation omitted). So, § 1331 applies "only when the plaintiff's statement of his own cause of action shows that it is based on federal law." *Id.* (citations and internal quotations omitted); *see also The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill."). Specifically, "[t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1165–66 (10th Cir. 1999) (quoting *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986)). In short, the well-pleaded complaint rule "makes the plaintiff the master of the claim." *Devon Energy Prod. Co.*, 693 F.3d at 1203 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Plaintiff contends its Amended Complaint implicitly sets forth the basis for a Defend Trade Secrets Act claim. But, the face of plaintiff's Amended Complaint reveals no reference to

a federal statutory provision.[2]  Instead, plaintiff's Amended Complaint recites three state law causes of action:  (1) breach of contract; (2) breach of common law duty of loyalty; and (3) misappropriation of trade secrets under KUTSA.  And the court may not construe the complaint in plaintiff's favor—*i.e.*, inferring that it asserts unpleaded federal claims—when subject matter jurisdiction is challenged.  *See Sac & Fox Nation of Okla.*, 193 F.3d at 1168 ("When the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998))).  Plaintiff's implicit federal claim theory is unpersuasive.

In rare circumstances, plaintiff's state law claims may confer jurisdiction under § 1331 where those claims raise a substantial question of federal law.  *Gilmore v. Weatherford*, 694 F.3d 1160, 1170–71 (10th Cir. 2012) (characterizing this "substantial question" conception as "exceedingly narrow").  The Supreme Court outlined the parameters of the substantial question doctrine in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005).  Under *Grable*, a state law claim arises under § 1331 when its resolution "demands not only a contested federal issue, but a substantial one, indicating a

---

[2]      Even if plaintiff's original Complaint had asserted a DTSA claim on its face—which it did not—the court nevertheless would confine its subject matter jurisdiction analysis to the face of the Amended Complaint.  *See Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013) ("An amended pleading 'supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.'" (quoting *Gilles v. United States*, 906 F.2d 1386, 1389 (10th Cir. 1990))).  In *Hooten*, the plaintiff argued that the court should consider his Fourth Amended Complaint, which asserted only state law claims, in light of his Second Amended Complaint, which asserted both state law claims and federal claims under the Americans with Disabilities Act and Title VII.  *Id.* The Circuit declined, concluding that the Fourth Amended Complaint "did not adopt any part of the [Second Amended Complaint] by reference[,]" and, thus, the Second Amended Complaint was "without legal effect."  *See id.* (citation omitted); *see also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985) (concluding that where amended complaint "neither makes reference to nor adopts any portion of the original complaint, jurisdiction must be judged solely on the allegations in the amended complaint").

serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Id.* at 315.

The Tenth Circuit applied the substantial question (or *Grable*) doctrine in *Hooten v. Ikard Servi Gas*, 525 F. App'x 663, 668 (10th Cir. 2013), and the analysis applied there influences the court's reasoning significantly. *Hooten* turned on the plaintiff's Fourth Amended Complaint in federal court, which asserted age and disability discrimination causes of action under the New Mexico Human Rights Act and state-law claims for negligent training and supervision. *Id.* The magistrate judge issued a sua sponte order questioning the court's subject matter jurisdiction. *Id.* at 666. The magistrate judge concluded that the court lacked diversity jurisdiction because both parties resided in New Mexico. *Id.* The magistrate judge also found the court lacked federal question jurisdiction because the Fourth Amended Complaint contained, at most, a passing reference to Title VII. *Id.* In response to the plaintiff's objections to the magistrate judge's report and recommendation, the district court also concluded plaintiff had failed to invoke federal question jurisdiction because plaintiff had "elected to pursue his age discrimination claim under state law, and that claim neither raised a significant issue of federal law nor depended on the construction or application of federal law for relief." *Id.* at 667.

On appeal, the Tenth Circuit affirmed the district court's order dismissing the plaintiff's Fourth Amended Complaint. *Id.* at 669. The Circuit observed that the complaint contained "no citation to any specific applicable federal statutory basis for jurisdiction," and so, it would consider whether the complaint's "factual allegations present[ed] a substantial question of federal law," that is, whether the factual allegations gave rise to discrimination claims under federal law. *Id.*

The problem for the plaintiff, the Circuit reasoned, was that both federal law (the federal Age Discrimination in Employment Act and the Americans with Disabilities Act) and New Mexico law (the New Mexico Human Rights Act) created causes of action for age and disability discrimination. *Id.* And so, the plaintiff's pleaded state law claims did not "necessarily depend[] on the resolution of a substantial question of federal law." *Id.* (quoting *Gilmore*, 694 F.3d at 1170). As the Circuit concluded:

> Mr. Hooten could have asserted his age- and disability-discrimination claims under either state or federal law. In the Fourth Amended Complaint, he pleaded them as state-law claims. He cannot convert the state-law claims to federal claims by resorting to the "substantial question" branch of federal-question jurisdiction. That branch of the arising under doctrine is inapplicable, and the Fourth Amended Complaint does not assert any valid basis for federal-question jurisdiction.

*Id.*

Edelman's Amended Complaint likewise "contains no citation to any specific, applicable federal statutory basis for jurisdiction." *Id.* And, under the second prong of the well-pleaded complaint test, Edelman could have pleaded a misappropriation claim under either federal or state law—or both. *See API Ams. Inc. v. Miller*, No. 2:17-CV-02617-HLT, 2019 WL 1506955, at *5 (D. Kan. Apr. 5, 2019) ("The elements required to establish a claim for misappropriation are essentially the same under both the DTSA and the KUTSA."). But, Edelman pleaded a misappropriation claim under state law—*i.e.*, KUTSA—and thus, Edelman cannot convert its state-law claim to a federal claim by resorting to the "substantial question" branch of federal question jurisdiction. *Hooten*, 525 F. App'x at 669. The court thus concludes that plaintiff's state law claims do not implicate a substantial question of federal law.

These conclusions make inapposite plaintiff's citation to *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir. 1980). Plaintiff cites this case for the proposition that when "a

complaint fails to cite the statute conferring jurisdiction, the omission will not defeat jurisdiction if the facts alleged in the complaint satisfy the jurisdictional requirements of the statute." Doc. 52 at 7. Here, plaintiff asks the court to read unasserted causes of action into its Amended Complaint to assume federal question jurisdiction exists. But, the cases hold that a plaintiff's failure to mention a federal statute will not be fatal to federal question jurisdiction "*provided* that the complaint itself establishes that the [omitted statute] is the statute [actually] relied upon . . . as the basis of the [] rights to be adjudicated." *Locus v. Duke Univ.*, No. 1:08-CV-607, 2009 WL 426263, at *8 (M.D.N.C. Feb. 19, 2009) (quoting *Dow Chem. Co. v. U.S. Envtl. Prot. Agency*, 635 F. Supp. 126, 129 (M.D. La. 1986)); *Sac & Fox Nation of Okla.*, 193 F.3d at 1166 n.4 (considering that the plaintiff's complaint might have invoked the federal Administrative Procedures Act, but finding it clear that "plaintiffs did not intend their complaint to allege a cause of action under the APA" because the complaint never mentioned the APA and plaintiffs' counsel represented that he did not believe he could bring an APA claim).

The Amended Complaint does not establish that the federal DTSA is the Act plaintiff relied on as the source of the rights it sought to adjudicate. The plaintiff, as master of its complaint, cited 28 U.S.C. § 1332 as the statute conferring jurisdiction. It never invoked § 1331. And plaintiff explicitly pleaded state law claims in both its original and Amended Complaint. In contrast, the plaintiffs in *Hildebrand* alleged no state law claims, but instead pleaded facts alleging discrimination based on age and sex. The Fifth Circuit concluded that these facts, when considered with the EEOC letter attached to the plaintiffs' Complaint, provided a basis for federal question jurisdiction under Title VII and the ADEA. 622 F.2d at 181. The court thus concludes that *Hildebrand* differs from plaintiff's case here.

Also, the court agrees with plaintiff's assertion that the court may look to other jurisdictional statutes to confer jurisdiction based on the face of the complaint. But, plaintiff goes one step further and asks the court to project an unpleaded cause of action onto the complaint, which, in turn, would provide an unpleaded basis for subject matter jurisdiction. *Cf. Mountain Fuel Supply Co. v. Johnson*, 586 F.2d 1375, 1381–82 (10th Cir. 1978) (concluding fuel company's breach of contract claim invoked substantial federal question where damages were predicated on federal oil regulations); *Vukonich v. Civil Serv. Comm'n*, 589 F.2d 494, 496 nn.1–2 (10th Cir. 1978) (finding complaint, which invoked jurisdiction under the APA improperly, provided basis for federal jurisdiction on its face—*i.e.*, plaintiff asserted two claims, one asserting that her "position was taken away from her without due process of law in violation of the Fifth Amendment"); *Gerritsen v. de la Madrid Hurtado*, 819 F.2d 1511 (9th Cir. 1987) (plaintiff asserted jurisdiction under 28 U.S.C. § 1343 improperly, but facts gave rise to jurisdiction under 28 U.S.C. § 1351 and 28 U.S.C. § 1330(a) for the claims previously asserted); *Paynes v. Lee*, 377 F.2d 61, 63 (5th Cir. 1967) (plaintiff's complaint alleged that defendants had "depriv[d] him of his rights under the Thirteenth, Fourteenth, and Fifteenth Amendments"). In essence, plaintiff contends that the facts in the Amended Complaint give rise to federal question jurisdiction. But the governing authorities don't permit plaintiff to circumvent the well-pleaded complaint rule. And, under that rule, the court can find no federal question present on the face of plaintiff's Amended Complaint.

B.     **Plaintiff's Amended Complaint cannot be amended under 28 U.S.C. § 1653 because the court lacks subject matter jurisdiction over the proposed amendment.**

Alternatively, plaintiff contends, if the court concludes the Amended Complaint fails to state a DTSA claim implicitly, the court should grant plaintiff leave to amend its complaint to

state a DTSA claim expressly.[3]  Then, the court could assume federal question jurisdiction of the

DTSA claim under 28 U.S.C. § 1331 and supplemental jurisdiction of the state law claims under

28 U.S.C. § 1367.  Plaintiff raises this issue in its Response to defendants' motion, and the court

construes plaintiff's filing as a motion to amend its Amended Complaint.  The court dismisses

this implicit motion to amend without prejudice because the court lacks subject matter

jurisdiction to address it.

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon

terms, in the trial or appellate courts."  The court thus may "permit amendment of 'incorrect

statements about jurisdiction that actually exists, and not defects in the jurisdictional facts

themselves.'"  *Daneshvar v. Graphic Tech., Inc.*, 237 F. App'x 309, 314 (10th Cir. 2007)

(quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)).  Section 1653

seeks "to avoid dismissals on technical grounds."  *Daneshvar*, 237 F. App'x at 315 (quoting

*Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971)).  But, "even liberally

construed," Section 1653 "does not allow a plaintiff to amend its complaint to substitute a new

cause of action over which there is subject-matter jurisdiction for one in which there is not."

*Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998); *see also*

*Brennan*, 451 F.2d at 1289 ("The power of the [] court to correct defective jurisdictional

---

[3]      Plaintiff also invokes Fed. R. Civ. P. 15(a)(2).  The court proceeds first with its analysis under
§ 1653 because it operates as a specific application of the more general Rule 15(a) when jurisdiction has been
challenged:

> The language of Section 1653 is "[i]n some respects . . . at variance with the text
> of Rule 15 and arguably supersedes it.  However, the cases do not reveal any
> conflict between the two."  6 Charles Alan Wright et al., Federal Practice and
> Procedure § 1474 (2d ed. 1990).  Indeed, case law indicates that Section 1653
> serves essentially as a specific application of Rule 15 that "expressly permits
> amendments to cure inadequate jurisdiction."  James Wm. Moore et al., Moore's
> Federal Practice § 15.14[3] (3d ed. 1997)

*See Asset Value Fund Ltd. P'ship v. The Care Grp., Inc.*, 179 F.R.D. 117, 119 (S.D.N.Y. 1998).

allegations concerns defects of form, not substance."); *Geismann v. Aestheticare, LLC*, 622 F. Supp. 2d 1091, 1095 (D. Kan. 2008) ("Section 1653 does not allow the Court to amend a pleading so as to produce jurisdiction where none actually existed before.").  In short, "[t]he danger against which a court must guard is that a party will attempt to use [Section] 1653 to retroactively create subject matter jurisdiction." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000).

Plaintiff here asks to add a new federal cause of action—a claim under the DTSA— which would in turn confer federal question jurisdiction.  This amendment does not aspire to cure a "technical defect."  Instead, it asks to create subject matter jurisdiction retroactively by inserting a new federal cause of action into the Amended Complaint.  *See, e.g.*, *Boelens*, 759 F.2d at 512 (denying leave to amend when plaintiffs sought to add previously abandoned federal causes of action or replead the elements of their remaining claim under the Magnuson-Moss Warranty Act); *Broad v. DKP Corp.*, No. 97 CIV. 2029 (LAP), 1998 WL 516113, at *2 (S.D.N.Y. Aug. 19, 1998), *aff'd*, 182 F.3d 898 (2d Cir. 1999) (plaintiff seeking to amend complaint to assert RICO claim under 28 U.S.C. § 1331 when diversity found not to exist would constitute a "'legal do-over' in light of grave questions concerning the existence of diversity jurisdiction in the first place, [which] thwarts the statutory requirements governing subject matter jurisdiction"); *Advani Enters., Inc.*, 140 F.3d at 161.

Trying to avoid the outcome of *Boelens*, *Broad*, and *Advani*, plaintiff argues that adding a DTSA claim would not constitute a substantive change, nor would it add any new factual allegations.  But, plaintiff's position mirrors an argument recently rejected in *Multicultural Radio Broadcasting, Inc. v. Korean Radio Broadcasting, Inc.*, No. CV 15-1961 (SRC), 2017 WL 436250 (D.N.J. Jan. 31, 2017).  There, the plaintiff sued the defendants in diversity for breach of

contract, unjust enrichment, and trade libel after defendants (producers of radio programming) allegedly violated a time brokerage agreement with plaintiff (a radio station operator). *Id.* at *1. Defendants then contended that the parties were not diverse because plaintiff and defendants both resided in New York. *Id.*

The plaintiff filed a motion for leave to amend its complaint. The plaintiff sought to add a Lanham Act claim and assert federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at *2. In response, defendants filed a motion to dismiss for lack of subject matter jurisdiction. Like the case here, the court first concluded that plaintiff had not established the existence of diversity jurisdiction. *Id.* at *4. Then, the court considered whether the plaintiff could amend its complaint—*i.e.*, whether plaintiff could add a Lanham Act claim and plead federal question jurisdiction. *Id.* Specifically, plaintiff argued that § 1653 permitted amendment because it did not "add facts not alleged in the original complaint [to] establish jurisdiction [under] 28 U.S.C. § 1331." *Id.* at *5.

The court rejected plaintiff's argument, reasoning that the well-pleaded complaint rule barred amendment. Plaintiff's original complaint, the court noted, sought no federal remedy under the Lanham Act; instead, it asserted three state law claims and referenced no federal laws the defendants allegedly had violated. So, the court declined to "engraft a federal cause of action onto Plaintiff's original complaint simply because Plaintiff's allegations could in theory support one." *Id.* ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." (quoting *Caterpillar Inc.*, 482 U.S. at 392)); *see also Strudley v. Santa Cruz Cty. Bank*, No. 5:15-CV-05106-EJD, 2017 WL 4355129, at *2 (N.D. Cal. Sept. 29, 2017) (denying plaintiffs' motion to amend complaint with federal causes of action; argument that they were "implied" in the initial complaint was unpersuasive because plaintiffs' "federal securities claims are distinct and

independent from the state-law claims alleged in the original complaint, even if the underlying facts are the same"), *aff'd*, 747 F. App'x 617 (9th Cir. 2019); *GenoSource, LLC v. Inguran, LLC*, No. 18-CV-113-CJW-KEM, 2019 WL 2041661, at *3 (N.D. Iowa Apr. 11, 2019) ("To permit plaintiff to amend its complaint to assert federal question jurisdiction based on the two new federal claims would be to permit plaintiff to create a new basis for jurisdiction when the facts supporting the new basis for jurisdiction—the assertion of a federal claim—did not exist previously. The Court finds that the amendment plaintiff seeks here is the type of amendment prohibited by Section 1653.").

In similar fashion here, plaintiff now seeks to add a federal DTSA claim and plead federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's Amended Complaint only alleges state law causes of action. And, the Amended Complaint references no federal laws that defendants allegedly violated. So, like the District of New Jersey, the court declines to read a claim into plaintiff's Amended Complaint that it simply does not assert.[4]

Plaintiff also contends that *Martinez v. United States Olympic Committee*, 802 F.2d 1275 (10th Cir. 1991), supports its request to amend. The court disagrees. In *Martinez*, the plaintiff's original complaint asserted that "[s]ubstantial federal questions [were] involved granting jurisdiction under 28 U.S.C. § 1331." *Martinez*, 802 F.2d at 1280. But, the mere allegation that "federal questions [were] involved" was insufficient—*i.e.*, it was a defective jurisdictional

---

[4] While the KUTSA and the DTSA are quite similar, they are not identical. For example, under the DTSA, plaintiff must allege that the trade secret "relate[s] to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The Amended Complaint, plaintiff contends, includes facts in ¶¶ 2–4 establishing this jurisdictional nexus. These paragraphs provide background about plaintiff and the two defendants; they contain no mention of the trade secrets at issue, or, more importantly, how those trade secrets "relate to a product or service used in" interstate or foreign commerce. *See, e.g.*, *Gov't Ems. Ins. Co. v. Nealey*, 262 F. Supp. 3d 153, 173 (E.D. Pa. 2017) ("GEICO's complaint does not allege any nexus between interstate or foreign commerce and the alleged trade secrets contained within the [employee's] affidavit. This deficiency, in itself, warrants dismissal of plaintiffs' DTSA claim.").

allegation.  *See id.*  The Circuit then applied § 1653 because the plaintiff had sought to clarify the basis for her defective federal question allegation, contending that she could proceed under the federal Amateur Sports Act of 1978.  *Id.* at 1281.  The Tenth Circuit agreed with plaintiff: Although the citation should have appeared in the complaint, the Circuit incorporated the amended jurisdictional allegation, as plaintiff had suggested all along that federal question jurisdiction provided the court with subject matter jurisdiction.  *Id.*  And, thus, the proposed amendment did not create a new jurisdictional basis to exercise subject matter jurisdiction; it simply remedied the defect in plaintiff's original complaint.

Similarly, in *Sac & Fox Nation of Oklahoma*, three Indian tribes filed a lawsuit against a fourth tribe's Housing Authority and the Department of Housing and Urban Development ("HUD").  *Id.* at 1163.  The plaintiffs sought a preliminarily injunction prohibiting the tribal Housing Authority from conducting—and HUD from funding—housing activities purportedly outside of the Housing Authority's jurisdiction.  *Id.*  The plaintiffs asserted that federal question jurisdiction existed, and on appeal to the Tenth Circuit, the court considered whether plaintiffs had presented a federal question based on its claim against HUD.  The Circuit observed that the complaint included just two paragraph referencing HUD and "[n]oticeably absent from those paragraphs [were] any references to federal laws, regulations, treaties, etc. which plaintiffs claim HUD ha[d] violated, or even any general description of how HUD is allegedly responsible for the 'encroachments,' not to mention how any claimed violation of any law or regulation could confer federal question jurisdiction."  *Id.* at 1166.  And, plaintiffs asserted the specific federal regulation HUD purportedly violated only after appellate proceedings had begun.  *Id.* at 1167. The Circuit thus declined to apply § 1653 to amend the complaint, concluding that it would unfairly prejudice the defendants.  *Id.* at 1167–68.

In both *Martinez* and *Sac & Fox Nation*, the original complaints had asserted federal question jurisdiction. And, in both cases, the plaintiffs sought to amend their complaints to specify the federal statute or regulation providing the basis for federal question jurisdiction. In contrast, here, Edelman asserted diversity jurisdiction as the sole basis for federal subject matter jurisdiction. This is true both for Edelman's Complaint (Doc. 1) and Amended Complaint (Doc. 3). And Edelman isn't trying to cure a defective allegation—*i.e.*, it pleaded its claim under the wrong federal statute. Instead, Edelman is trying to assert a new federal cause of action to support a new basis for federal subject matter jurisdiction.

The court finds further support for its position in *Brennan v. University of Kansas*, 451 F.2d 1287, 1289 (10th Cir. 1971). In *Brennan*, the Tenth Circuit concluded § 1653 did not apply when plaintiff sought to amend his complaint by asserting previously unpleaded federal causes of actions after the district court had concluded defendants' immunity barred plaintiff's original claims: "An amendment such as contemplated by appellant is not within the purview of [§ 1653]." *Id.* at 1289.

In sum, Tenth Circuit precedent directs the court to decline amendment in circumstances like this. Because the court finds federal subject matter jurisdiction lacking, it dismisses plaintiff's Amended Complaint without prejudice to refiling. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) ("[W]here the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice."); *see also Saxon Fibers, LLC. v. Wood*, 118 F. App'x 750, 752 (4th Cir. 2005) ("A plaintiff may not use [§ 1653] or any other means to obtain leave of court to amend a complaint to allege a federal cause of action not previously pled when the court had no jurisdiction over the original complaint.").

**C.** **In the absence of subject matter jurisdiction, the court must vacate the TRO.**

On January 25, 2019, the court granted plaintiff's Motion for Temporary Restraining

Order (Doc. 14).  Now, having concluded that it lacked subject matter jurisdiction over

plaintiff's Amended Complaint, the court must vacate its TRO.  *See Utah v. Babbitt*, 137 F.3d

1193, 1197 (10th Cir. 1998) ("Because we conclude that Plaintiffs lack standing to challenge the

inventory, we vacate the preliminary injunction and remand with instructions to dismiss.").  The

court thus vacates the Memorandum and Order granting plaintiff's Motion for Temporary

Restraining Order (Doc. 14).

**D.** **The court directs the parties to file additional briefing on whether defendants are entitled to recover on the bond.**

Under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a . . . temporary

restraining order only if the movant gives security in an amount that the court considers proper to

pay the costs and damages sustained by any party found to have been wrongfully enjoined or

restrained."  In its Order granting plaintiff's Motion for Temporary Restraining Order, the court

directed plaintiff to give security in the amount of $100,000 for the TRO.  Doc. 14 at 7.

Defendants now moves to recover on that security.  Defendants generally assert that they have

lost clients because of the TRO.  But, defendants also request the court permit them to file

additional briefing setting forth the damages proximately caused by the wrongful injunction.

Doc. 48 at 13.  In response, plaintiff argues the court should deny defendants' request outright,

or, alternatively, provide plaintiff with the opportunity to respond to defendants' alleged

damages with evidence.  The court considers plaintiff's arguments for denying defendants'

request in the paragraphs that follow.  And, the court concludes this issue warrants additional

briefing and provides a schedule for the parties, below.

Plaintiff first contends that defendants should receive no recovery from the bond because the court has dismissed the TRO for lack of subject matter jurisdiction. That is, plaintiff asserts, defendants cannot recover on the bond because the court has conducted no trial on the merits. But, as our court has recognized, a "wrongful injunction or restraint may occur in ways unrelated to the ultimate merits—as for example where the procedure leading to a TRO or preliminary injunction is later found to have violated Rule 65(a) or 65(b)." *St. Mary of the Plains Coll. v. Higher Educ. Loan Program of Kan., Inc.*, No. 89-1460-C, 1989 WL 159368, at *3 (D. Kan. Dec. 15, 1989) (quoting *Showtime Mktg., Inc. v. Doe*, 95 F.R.D. 355, 357 (N.D. Ill. 1982)). Here, the court has dismissed plaintiff's Amended Complaint for lack of subject matter jurisdiction. And, this outcome does not bar potential recovery against the bond. *XO Energy LLC v. Zhao*, No. 4:15-CV-599, 2016 WL 6902418, at *2 (S.D. Tex. Apr. 8, 2016) (concluding the court "did not have subject matter jurisdiction when the case was filed; therefore, the preliminary injunction was wrongfully issued."); *Minn. Power & Light Co. v. Hockett*, 105 F. Supp. 2d 939, 942 n.1 (S.D. Ind. 1999) ("Under . . . federal law, a defendant may recover damages and costs for wrongful injunction even when the injunction is vacated for lack of subject matter jurisdiction and not on the merits of the underlying claims and defenses."); *Showtime Mktg, Inc.*, 95 F.R.D. at 357 (N.D. Ill. 1982) (accord); *see also Atomic Oil Co. of Okla. v. Bardahl Oil Co.*, 419 F.2d 1097, 1102 (10th Cir. 1969) ("And generally, for the purpose of establishing liability on an injunction bond, a decree dismissing a bill in equity constitutes a judicial determination that a temporary injunction should not have been granted." (citation omitted)). The court also retains subject matter jurisdiction to decide defendants' recovery against the bond after dismissing plaintiff's case. *See State of Ala. ex rel. Siegelman v. U.S. E.P.A.*, 925 F.2d 385, 388 (11th Cir. 1991) (concluding district court's concern that dismissal of

the case on jurisdictional grounds divested it of jurisdiction over the bond was misplaced). In short, the court concludes that this case's disposition does not bar—at least at this stage— defendants' potential recovery on the bond.

Next, plaintiff contends that defendants are not entitled to recover on the bond without further proof of injury. Doc. 52 at 13. Plaintiff's point is well taken: "Merely because the injunction was wrongful does not entitle the enjoined party to damages absent proof of injuries resulting from the injunction." *St. Mary of the Plains Coll.*, 1989 WL 159368, at *4. Defendants must demonstrate damages were "proximately caused by the injunction and [damages] may not be based upon speculation or conjecture." *Id.* (internal quotation marks and citations omitted). Merely saying that something is so doesn't make it so.

Last, the court addresses the proper legal standard governing the issue. Both parties argue that "[e]quity comes into play in determining whether there may be recovery [of the bond] and the amount thereof." *State of Kan. ex rel. Stephan v. Adams*, 705 F.2d 1267, 1269 (10th Cir. 1983) (quoting *Monroe Div., Litton Bus. Sys., Inc. v. De Bari*, 562 F.2d 30, 32 (10th Cir. 1977)). But, recently, the Tenth Circuit clarified the correct legal standard for a district court's decision whether to grant or deny damages on a bond. *See Front Range Equine Rescue v. Vilsack*, 844 F.3d 1230 (10th Cir. 2017). There, the Circuit concluded that its precedent in *Atomic Oil Co.* "severely constrict[ed] the scope of a district court's discretion to deny recovery to a wrongfully enjoined party." *Front Range Equine Rescue*, 844 F.3d at 1233. And so, "where there is a finding that a defendant has been wrongfully enjoined, there is a presumption of recovery and the district court's discretion to deny damages is limited." *Id.* at 1234.

The court thus grants defendants' motion to the extent it requests additional briefing on whether defendants are entitled to recover on the bond. Within 30 days of this Order, defendants

20

may submit briefing that addresses their potential recovery on the bond—*e.g.*, defendants' brief must identify and disclose the detailed injuries and related recovery amounts that they claim were proximately caused by the injunction. Plaintiff may file a Response within 15 days of defendants' filing. The court then will determine whether it must conduct an evidentiary hearing on defendants' request.

## IV.    Conclusion

For the reasons explained, the court concludes it lacks federal subject matter jurisdiction and it thus dismisses plaintiff's Amended Complaint (Doc. 3) without prejudice. The court also vacates the TRO (Doc. 14). Effective immediately on the entry of this order, that TRO is no longer in effect. And the court orders the parties to file additional briefing addressing whether defendants are entitled to damages under the bond. Last, without subject matter jurisdiction, the court directs the Clerk to terminate defendants' Motion to Transfer Case (Doc. 6) and plaintiff's Motion for Order to Show Cause (Doc. 34).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 47) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiff's Amended Complaint (Doc. 3) is dismissed without prejudice.

**IT IS FURTHER ORDERED BY THE COURT THAT** the TRO granted in Doc. 14 is vacated.

**IT IS FURTHER ORDERED BY THE COURT THAT** the parties file additional briefing addressing whether defendants are entitled to damages under the bond. Within 30 days of this Order, defendants may submit briefing that addresses their potential recovery on the bond—*e.g.*, defendants' brief must provide detailed injuries and related recovery amounts

proximately caused by the injunction. Plaintiff may file a Response within 15 days of defendants' filing. The court then will determine whether it must conduct an evidentiary hearing on defendants' request.

**IT IS FURTHER ORDERED BY THE COURT THAT** without subject matter jurisdiction, the court directs the Clerk to terminate defendants' Motion to Transfer Case (Doc. 6) and plaintiff's Motion for Order to Show Cause (Doc. 34).

**IT IS SO ORDERED.**

**Dated this 7th day of June, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
