## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

EDELMAN FINANCIAL ENGINES, LLC,

     Plaintiff,

v.

     Case No. 19-2026-DDC-GEB

ERIK HARPSOE and
BRIAN K. FOWLES,

     Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on defendants Erik Harpsoe and Brian K. Fowles's Motion to Recover Injunction Bond (Doc. 58). Plaintiff Edelman Financial Engines, LLC, has filed a Memorandum in Opposition (Doc. 62). For reasons explained below, the court orders an evidentiary hearing on the matter. And, it defers ruling on the Motion to Recover Injunction Bond until after the hearing.

## I.     Background

Plaintiff filed a lawsuit alleging three state law causes of action, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 3 (Am. Compl.). After filing the lawsuit, plaintiff filed a Motion for Temporary Restraining Order ("TRO"). Doc. 4. The court conducted a hearing, and based on its diversity jurisdiction, granted plaintiff's motion. Doc. 14. The court directed plaintiff to give security in the amount of $100,000 for the TRO. *Id.* at 7. On March 1, 2019, the court held a conference call and questioned whether complete diversity existed based on plaintiff's status as a limited liability company. Doc. 39. After the parties completed briefing the matter, the court concluded that it lacked subject matter jurisdiction over the case. Doc. 56 at

21.  The court thus dissolved the TRO and dismissed the Amended Complaint without prejudice. *Id.*  The court also ordered the parties to submit briefing addressing whether defendants should recover on the bond.  *Id.*

## II.     Analysis

### A.  Wrongful Injunction

Under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  And, "where there is a finding that a defendant was wrongfully enjoined, there is a presumption of recovery and the district court's discretion to deny damages is limited."  *Front Range Equine Rescue v. Vilsack*, 844 F.3d 1230, 1234 (10th Cir. 2017).

Defendants ask for the full amount of the bond.[1]  They argue that because the court lacked subject matter jurisdiction, they were wrongfully enjoined from working with certain clients for 134 days until the court dismissed the case and dissolved the TRO.  Doc. 59 at 1. Plaintiff argues that defendants cannot recover on the bond because they did not have the right to engage in the conduct enjoined.  Doc. 62 at 2–4.

But, a "wrongful injunction or restraint may occur in ways unrelated to the ultimate merits—as for example where the procedure leading to a TRO or preliminary injunction is later found to have violated Rule 65(a) or 65(b)."  *St. Mary of the Plains Coll. v. Higher Educ. Loan*

---

[1]     The court retains subject matter jurisdiction to decide defendants' recovery against the bond after dismissing plaintiff's case.  *See State of Ala. ex rel. Siegelman v. EPA*, 925 F.2d 385, 388 (11th Cir. 1991) (holding district court's concern that its dismissal of the case on jurisdictional grounds divested it of jurisdiction over the bond was misplaced).

*Program of Kan., Inc.*, No. 89-1460-C, 1989 WL 159368, at *3 (D. Kan. Dec. 15, 1989) (quoting *Showtime Mktg., Inc. v. Doe*, 95 F.R.D. 355, 357 (N.D. Ill. 1982)).

And as the court stated its earlier Memorandum and Order (Doc. 56), dismissal for lack of subject matter jurisdiction does not bar potential recovery against the bond. *See XO Energy LLC v. Zhao*, No. 4:15-CV-599, 2016 WL 6902418, at *2 (S.D. Tex. Apr. 8, 2016) (concluding the court "did not have subject matter jurisdiction when the case was filed; therefore, the preliminary injunction was wrongfully issued."); *Minn. Power & Light Co. v. Hockett*, 105 F. Supp. 2d 939, 942 n.1 (S.D. Ind. 1999) ("Under . . . federal law, a defendant may recover damages and costs for wrongful injunction even when the injunction is vacated for lack of subject matter jurisdiction and not on the merits of the underlying claims and defenses."); *Showtime Mktg, Inc.*, 95 F.R.D. at 357 (accord); *see also Atomic Oil Co. of Okla. v. Bardahl Oil Co.*, 419 F.2d 1097, 1102 (10th Cir. 1969) ("And generally, for the purpose of establishing liability on an injunction bond, a decree dismissing a bill in equity constitutes a judicial determination that a temporary injunction should not have been granted.") (citation omitted). The court thus concludes that defendants were wrongfully enjoined. So, defendants may recover on the bond, to the extent they can prove proximately caused damages.

## B. Damages

"Merely because the injunction was wrongful does not entitle the enjoined party to damages absent proof of injuries resulting from the injunction." *St. Mary of the Plains Coll.*, 1989 WL 159368, at *4 (citation omitted). "The amount of damages must be proven to have been proximately caused by the injunction and may not be based upon speculation or conjecture." *Id.* (citation and internal quotations omitted).

Defendants argue they are entitled to recover the full $100,000 bond because they have identified, disclosed, and detailed the injuries and recovery amounts proximately caused by the wrongfully issued TRO. Doc. 59 at 9 (¶ 45). Defendant Harpsoe asserts by affidavit that he lost $99,450.57 in net revenue. Doc. 59-1 at 3 (¶ 17). He provides the formula he used to calculate his losses and a spreadsheet detailing each lost client and fee. *Id.* Defendant Fowles asserts that he lost $61,283.67 in net revenue. Doc. 59-2 at 3 (¶ 16). He calculated his losses using the same formula and provided a spreadsheet detailing his lost revenue. Doc. 59-2 at 5–6.

Plaintiff argues that defendants' hearsay statements do not provide a sufficient basis for the court to award damages. Plaintiff asserts that it is entitled to discovery and an evidentiary hearing. Doc. 62 at 7. The court agrees. "The existence and amount of damages in a proceeding under Fed. R. Civ. P. 65.1 is generally not capable of summary resolution of papers, without an evidentiary hearing." *St. Mary of the Plains Coll.*, 1989 WL 159368, at *2 (alteration and citation omitted). *See also Monroe Div., Litton Bus. Sys., Inc. v. De Bari*, 562 F.2d 30, 33 (10th Cir. 1977) (remanding case to the district court for an evidentiary hearing because "[d]efendant requested, and was entitled to, a hearing on his claim of damages arising from the wrongful injunction."). The court will thus conduct an evidentiary hearing on the defendants' asserted damages resulting from the wrongful injunction. And, it defers ruling on defendants' motion until after the hearing.

### III.    Conclusion

The court lacked subject matter jurisdiction to issue a TRO against defendants. Defendants thus were wrongfully restrained from conducting business while the TRO was in effect. But the court defers ruling the amount of damages, if any, sustained by defendants. The court will hold an evidentiary hearing at a date to be determined to decide this issue.

**IT IS THEREFORE ORDERED THAT** the court will defer ruling the motion. And the parties will participate in an evidentiary hearing on a date to be determined.

**IT IS FURTHER ORDERED THAT** the court will conduct a telephone status conference call to discuss a setting for this evidentiary hearing. The court will conduct this telephone status conference on December 12, 2019 at 11:00 AM. The court orders counsel to confer with one another and provide the court with at least five available dates for the evidentiary hearing on or before December 5, 2019.

**IT IS SO ORDERED.**

**Dated this 22nd day of November, 2019, at Kansas City, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**