IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDELMAN FINANCIAL ENGINES, LLC,

    Plaintiff,

v.

ERIK HARPSOE & BRIAN K. FOWLES,

    Defendants.

Case No. 19-2026-DDC-GEB

**MEMORANDUM AND ORDER**

Defendants Erik Harpsoe and Brian K. Fowles have filed a Motion for Leave to File Exhibits Under Seal (Doc. 78). It seeks leave to file, under seal, two Exhibits to their Statement in Support of Recovery on Bond (Doc. 76). This motion targets Exhibits A (Doc. 78-1, Plaintiff's Investment Management Agreement) and E (Doc. 78-2, Expert Report prepared by Dahl Consulting Group). The court grants defendants' motion in part, but denies the balance of it. Specifically, the court denies the motion as it applies to Exhibit A (Doc. 78-1). Defendants' motion does not supply the requisite cause to support a sealed filing of this document. But the court grants part of the motion as it applies to Exhibit E (Doc. 78-2). Specifically, the court approves sealing of two columns on pages 8–11 of Exhibit E (Doc. 78-2): (1) the first column showing individual client names and (2) the information shown in the column identified as "AUM (rounded)." The court explains its reasoning and makes the required findings below.

    **A. Analysis and Findings**

The Supreme Court recognizes the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S 589, 597 (1978) (citations omitted). But this right is not an absolute one. *Id.* at 598. For

example, a court has power to deny access to "sources of business information that might harm a litigant's competitive standing." *Id.* (citations omitted). A party may rebut the presumption of access to judicial records by demonstrating that "countervailing interests heavily outweigh the public interests in access." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citation and internal quotation marks omitted). The party seeking to deny access must shoulder the burden to establish a sufficiently significant interest that outweighs the presumption of access. *Id*. (citation and internal quotation marks omitted).

This legal standard requires federal courts to assess competing interests, weighing those interests that favor the general right of public access against those interests that genuinely deserve some protection. When engaging in this endeavor, the case authority confers substantial discretion on district judges. *See, e.g.*, *Nixon*, 435 U.S. at 599; *see also Mann*, 477 F.3d at 1149. They must utilize this discretion, however, "in light of the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599. And, a reviewing court generally will not disturb a decision "to keep the case file public" unless it holds "a definite and firm conviction that [the district judge] made a clear error of judgment or [one that] exceeded the bounds of permissible choice in the circumstances." *Mann*, 477 F.3d at 1149 (citation and internal quotation marks omitted).

When exercising its discretion, the court is mindful that taxpayers fund the cost of court operations. They thus hold a substantial stake in what happens in our courthouses and the decisions that judges make there. Also, the public's faith in court rulings is important to the rule of law. Having access to court decisions, and the reasoning that produces them, helps inspire such faith. While both factors favor access and transparency, our law also recognizes that some exceptions exist. When a piece of information or a data point qualifies for restricted access, the

court must make that restriction no greater than necessary to serve the interest deserving of protection.

Here, these principles produce a split decision. First, for Exhibit A (Doc. 78-1), defendants make a modest effort. They claim merely that an unspecified "protective order that may be operative in the various ongoing state court actions" may limit disclosure of this document. Doc. 78 at 1. To avoid any claim that they have violated this unspecified protective order, defendants, "[o]ut of an abundance of caution" seek to seal the document. *Id.* After weighing this diffuse showing against the general right of public access, the court finds that defendants have neglected to make a showing that could support a sealing order. The court thus denies this aspect of defendants' motion.

The court is mindful, however, that this ruling may put the shoe on the wrong foot. That is, it's possible that the plaintiff may have a greater interest in protecting Exhibit A than do defendants. Given this possibility, the court directs defendants to file an unsealed version of Exhibit A on the case's docket 10 days after the date of this Order **unless plaintiff, before that date, files its own Motion to Seal Exhibit A. If plaintiff files such a motion, defendant must delay filing the unsealed version of Exhibit A until the court resolves plaintiff's motion.**

This outcome leaves Exhibit E (Doc. 78-2). For it, defendants assert that it contains "personally identifiable customer information and other highly sensitive customer information." *See* Doc. 78 at 1–2. Unfortunately, defendants' showing is no more specific. Reviewing Exhibit E (Doc. 78-2) the court finds a chart showing individual investment customers identified by name and a column identified as "AUM (rounded)." Defendants' other filings explain that "AUM" refers to Assets Under Management. The court surmises that the data in these two columns is the target of defendants' motion. So, without a sealing order shielding this

information from public view, innocent bystanders—clients of defendants and former clients of plaintiff—will have private and sensitive information about their personal wealth revealed in the public record. These data are precisely the kind of information that qualify for protection. These investors have no stake in the claims made in this case and no power to control where it goes. They merely are caught in the litigants' cross-fire at one another. The court finds that "countervailing interests heavily outweigh the public interests in access" to this information. *Mann*, 477 F.3d at 1149.

Therefore, the court grants this aspect of defendants' motion. The court directs defendants to file a partially redacted copy of Exhibit E in the public docket for this case. This partially redacted filing should redact the names shown in the "Client" and the "AUM Rounded" columns on pages 8–11 of Doc. 78-2. Also, the court directs defendants to file, under seal, an unredacted version of Doc. 78-2. **Defendants must make these filings, however, no sooner than 10 days after the date of this Order.** Consistent with the court's treatment of Exhibit A, the court postpones those public filings to provide plaintiff time to file its own motion seeking to seal other aspects of Exhibit E. Specifically, **if plaintiff, before the date for defendants' filings, files its own Motion to Seal other aspects of Exhibit E, defendants must delay filing the unsealed version of Exhibit E until the court resolves plaintiff's motion.**

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion for Leave to File Under Seal (Doc. 78) is granted in part and denied in part, as explained in this Order.

**IT IS FURTHER ORDERED THAT** defendants must file an unsealed version of Exhibit A on the case's docket no sooner than 10 days after the date of this Order unless plaintiff, before that date, files its own Motion to Seal Exhibit A. If plaintiff files such a motion,

defendants must delay filing the unsealed version of Exhibit A until the court resolves plaintiff's motion.

**IT IS FURTHER ORDERED THAT** defendants must file a partially redacted copy of Exhibit E in the public docket for this case. This filing should redact the names shown in the "Client" and the "AUM Rounded" columns on pages 8–11 of Doc. 78-2. Defendants also must file, under seal, an unredacted version of Doc. 78-2. Defendants must make these filings no sooner than 10 days after the date of this Order. If plaintiff, before the date for defendants' filings, files its own Motion to Seal other aspects of Exhibit E, defendants must delay filing the unsealed version of Exhibit E until the court resolves plaintiff's motion.

**IT IS SO ORDERED.**

**Dated this 19th day of March, 2020, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**