IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**EDELMAN FINANCIAL ENGINES, LLC,**

　　Plaintiff,

v.

**ERIK HARPSOE & BRIAN K. FOWLES,**

　　Defendants.

Case No. 19-2026-DDC-GEB

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Erik Harpsoe and Brian K. Fowles's Motion to Recover Injunction Bond (Doc. 58). Defendants have submitted a Brief in Support of Recovery on Bond (Doc. 76) and plaintiff Edelman Financial Engines, LLC has filed a Memorandum in Opposition (Doc. 86).[1] For reasons explained below, the court denies defendants' motion.

---

[1] Plaintiff also has filed a Memorandum Regarding the Inadmissibility of Defendants' Tardy Expert Disclosure (Doc. 85). Plaintiff seeks to exclude defendants' expert report about the amount of damages they allegedly sustained from the court's consideration. Doc. 85 at 6. Plaintiff asserts that defendants waited until seven days before the parties' briefing deadline on this matter—whether defendants may recover against the injunction bond—to disclose that they intended to use an expert to support their claim for recovery against the bond. *Id.* at 3. And, plaintiff asserts, they waited until the afternoon of this same deadline to disclose to plaintiff a copy of their expert report—dated six weeks earlier. *Id.* Plaintiff contends that defendants attempted to "sandbag and prejudice" plaintiff with their late disclosures. *Id.* Plaintiff's point is well taken. Defense counsel's handling of this information falls far short of the aspirations endorsed by this court in the Pillars of Professionalism. *See In re Kansas Bar Association's Pillars of Professionalism*, Memorandum and Order (D. Kan. Oct. 19, 2012) (published with local rules for District of Kansas). But defendants' failure to prove they sustained proximately caused damages renders moot plaintiff's request that the court exclude defendants' expert report about the amount of damages defendants sustained.

## I. Background

This case arises from a dispute between plaintiff—a financial services company—and defendants, who are former employees. Doc. 3 at 1 (Am. Compl. ¶ 1). The Amended Complaint alleges that defendants resigned from plaintiff's company, and then began soliciting plaintiff's customers in violation of their contractual obligations to plaintiff. *Id.* Plaintiff filed a lawsuit alleging three state law causes of action, invoking the court's diversity jurisdiction under 28 U.S.C. § 1332. Doc. 3 at 3 (Am. Compl. ¶ 5). Defendants filed their own suit in federal court in Ohio. *Fowles v. Fin. Engines, Inc.*, No. 1:19-cv-00139-JG (N.D. Ohio Jan. 17, 2019). They named the plaintiff here as a defendant in that case. Defendants asserted there, as plaintiff did here, that the Ohio federal court had diversity jurisdiction over that case. *See* Doc. 7 at 4.

After filing this lawsuit in Kansas, plaintiff moved for a Temporary Restraining Order ("TRO"). Doc. 4. The court conducted a hearing, and based on its diversity jurisdiction, granted plaintiff's motion. Doc. 14. The court directed plaintiff to give security in the amount of $100,000 for the TRO. *Id.* at 7. On March 1, 2019, the court held a telephone conference call and questioned whether complete diversity existed. Doc. 39. After the parties briefed the matter, the court concluded that it lacked subject matter jurisdiction over the case. Doc. 56 at 21. On June 7, 2019, the court dissolved the TRO and dismissed the Amended Complaint without prejudice. *Id.* The court also ordered the parties to submit briefing addressing whether defendants should recover on the injunction bond. *Id.* at 20–21. The parties submitted briefing, and the court ordered an evidentiary hearing on the matter. Doc. 64. The court set an evidentiary hearing for March 19, 2020. Doc. 75. On March 16, 2020, the court held a telephone conference with the parties. Doc. 80. During the conference, the parties agreed to

cancel the hearing and submit the issue on papers. *Id*. The court thus considers the parties' written submissions to decide defendants' motion, below.

## II. Analysis

First, the court sets out the legal standard for recovering against an injunction bond. Second, the court considers whether defendants have proved proximately caused damages.

### A. Legal Standard to Recover on an Injunction Bond

Under Federal Rule of Civil Procedure 65(c), "[t]he court may issue a . . . temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

Defendants assert that they are entitled to recover the full amount of the injunction bond. Doc. 76 at 3. They assert that the TRO wrongfully restrained them from the time the court entered it on January 25, 2019 until it dissolved the Order on June 7, 2019. *Id.* Specifically, they contend, the TRO barred them from accepting business from clients who wished to transfer their accounts from plaintiff to defendants during this 134-day period. *Id.*

Plaintiff responds that defendants are not entitled to recover on the injunction bond. Doc. 86 at 1. Plaintiff reasons that, under Tenth Circuit caselaw, defendants must prove they were wrongfully enjoined and that they had a right to engage in the enjoined activity. *Id.* at 3. Plaintiff asserts that defendants have no basis for arguing that they could have engaged in the enjoined activity. *Id.* First, plaintiff asserts, the language of the court's TRO tracked precisely the language of defendants' contractual obligations with plaintiff. *Id.* Second, plaintiff asserts, four days after this court vacated the TRO in this case, plaintiff filed suit in Kansas state court, where the Johnson County District Court immediately granted plaintiff's motion for a TRO. *Id.*

at 5. Plaintiff contends that this Johnson County TRO confirms that defendants had no right to engage in the conduct underlying this lawsuit. *Id.*

Defendants never assert that they had a right to engage in the enjoined activity. Indeed, defendants have acknowledged that the language of the court's TRO mirrored the terms of their contracts with plaintiff. Doc. 86-2 at 4, 6; Doc. 86-3 at 9, 10. And earlier, defendants testified by affidavit that the TRO restrained them from violating the terms of their agreements with plaintiff. Doc. 59-1 at 1–2 (Harpsoe Aff. ¶ 6); Doc. 59-2 at 1–2 (Fowles Aff. ¶ 6). In effect, defendants have conceded that they had no right to engage in the conduct enjoined. But, defendants assert, they nonetheless are entitled to recover damages because they were wrongfully enjoined. Doc. 76 at 3–4. At this stage in the litigation, defendants contend, "their only remaining responsibility is to provide the [c]ourt with evidence of the damages that were proximately caused by the wrongfully issued injunction." Doc. 76 at 4.

The Tenth Circuit articulated the standard courts must apply to a motion to recover against an injunction bond in *Front Range Equine Rescue v. Vilsack*, 844 F.3d 1230 (10th Cir. 2017). In *Front Range*, the district court had granted the plaintiff's motion for a TRO. 844 F.3d at 1232. For reasons not explained and not pertinent here, the district court later denied a permanent injunction and dismissed the action. *Id.* The plaintiff appealed, and the Tenth Circuit ultimately dismissed the action as moot because the conduct underlying the suit—equine slaughter for human consumption—had become unlawful in the interim, and, in any event, the parties engaging in that activity had abandoned their plans to continue doing so. *Id.* After concluding the matter was moot, the Circuit vacated the district court's order denying a permanent injunction. *Id.* Two of the defendants the TRO had enjoined filed a motion to

4

recover under the injunction bond in the district court. *Id.* The district court denied the motion, and one defendant appealed. *Id.*

Relying on *Atomic Oil Co. of Oklahoma v. Bardahl Oil Co.*, 419 F.2d 1097 (10th Cir. 1969), the Tenth Circuit explained that "where there is a finding that a defendant has been wrongfully enjoined, there is a presumption of recovery and the district court's discretion to deny damages is limited." *Front Range*, 844 F.3d at 1233–34. But, the Circuit affirmed the district court's decision not to award damages, because "*Atomic Oil*'s presumption in favor of damages does not apply where there was never a finding of wrongful enjoinment." *Id.* at 1234. Under *Atomic Oil*, the Circuit explained, defendants have a right to recover on an injunction bond. *Id*. "But a prerequisite to recovery is a finding that the defendant was wrongfully enjoined." *Id.* (first citing Fed. R. Civ. P. 65(c) (explaining that the purpose of the bond is "to pay the costs and damages sustained by any party found to have been wrongfully enjoined"), then citing *Robson v. R & R Fur Co., Inc.*, 986 F.2d 1428 (Table), 1993 WL 34680, at *2 (10th Cir. Feb. 8, 1993) ("[T]o prevail in an action to recover on [an] injunction bond, [the defendant] must prove that the injunction was wrongful and that he did have the right to engage in the enterprises enjoined.")).

The Circuit rejected defendants' "suggestion that the district court's order denying a permanent injunction can be relied upon to show wrongful enjoinment." *Id.* The defendants never had sought a determination that it had been wrongfully enjoined. *Id.* And, even if the TRO caused defendants any damages, a defendant "cannot recover against the bond unless it first shows wrongful enjoinment." *Id.* at 1234–35.

Plaintiff, relying on *Front Range*'s citation to *Robson*, asserts that defendants must prove they were wrongfully enjoined and that they had a right to engage in the conduct enjoined. Doc. 86 at 2; *see Robson*, 1993 WL 34680, at *2 ("In order to prevail in an action to recover on the

5

injunction bond, [defendant] must prove that the injunction was wrongful and that he did have the right to engage in the enterprises enjoined."). Defendants respond, asserting that they were wrongfully enjoined, and that—to the extent they can prove proximately caused damages—they can recover on the bond without proving they had a right to engage in the conduct the TRO enjoined. Doc. 76 at 4.

On this point, the court agrees with defendants. *Front Range* explains that a "prerequisite to recovery [on an injunction bond] is a finding that the defendant was wrongfully enjoined." 844 F.3d at 1234. *Front Range* cites and quotes *Robson*[2]—which provides that a defendant must prove that the injunction was wrongful and that he had the right to engage in the conduct enjoined—to support this proposition. *Id.* But *Front Range* never requires a defendant to prove both that he was wrongfully enjoined *and* that he had the right to engage the conduct enjoined. Instead, *Front Range* holds that a "prerequisite to recovery is a finding that the defendant was wrongfully enjoined," and that a defendant "cannot recover against the bond unless it first shows wrongful enjoinment." *Id.* at 1234–35. This language persuades the court that *Front Range* requires a finding of wrongful enjoinment as a prerequisite for a defendant to recover on an injunction bond. But, it does not necessarily require a defendant to prove he had the right to engage in the conduct enjoined.

As the court explained in its earlier Memorandum and Order, defendants were wrongfully enjoined for the 134-day time period the TRO was in effect. *See* Doc. 64 at 3. A wrongful injunction may occur in ways "unrelated to the ultimate merits." *St. Mary of the Plains Coll. v. Higher Educ. Loan Program of Kan., Inc.*, No. 89-1460-C, 1989 WL 159368, at *3 (D. Kan. Dec. 15, 1989) (quoting *Showtime Mktg., Inc. v. Doe*, 95 F.R.D. 355, 357 (N.D. Ill. 1982)); *see*

---

[2] Robson is an unpublished opinion, giving it persuasive—but not precedential—value. *United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005).

*also XO Energy LLC v. Zhao*, No. 4:15-CV-599, 2016 WL 6902418, at *2 (S.D. Tex. Apr. 8, 2016) (concluding court "did not have subject matter jurisdiction when the case was filed; therefore, the preliminary injunction was wrongfully issued."); *Minn. Power & Light Co. v. Hockett*, 105 F. Supp. 2d 939, 942 n.1 (S.D. Ind. 1999) ("Under . . . federal law, a defendant may recover damages and costs for wrongful injunction even when the injunction is vacated for lack of subject matter jurisdiction and not on the merits of the underlying claims and defenses."); *Showtime Mktg, Inc.*, 95 F.R.D. at 357 (accord); *see also Atomic Oil Co.*, 419 F.2d at 1102 ("And generally, for the purpose of establishing liability on an injunction bond, a decree dismissing a bill in equity constitutes a judicial determination that a temporary injunction should not have been granted.") (citation omitted). And so, the court finds on the facts submitted here that defendants have shouldered their burden to show that the TRO wrongfully enjoined them.

### B. Damages

But a wrongful injunction alone is not enough to recover on the injunction bond. "Merely because the injunction was wrongful does not entitle the enjoined party to damages absent proof of injuries resulting from the injunction." *St. Mary of the Plains Coll.*, 1989 WL 159368, at *4 (citation omitted); *see also Nokia Corp. v. InterDigital, Inc.*, 645 F.3d 553, 559 (2d Cir. 2011) (holding that although wrongfully enjoined party is entitled to a presumption in favor of recovery, "that party is not automatically entitled to the damages sought. The presumption applies to 'provable' damages" (citation omitted)). "The amount of damages must be proven to have been proximately caused by the injunction and may not be based upon speculation or conjecture." *St. Mary of the Plains Coll.*, 1989 WL 159368, at *4 (citation and internal quotations omitted).

Defendants assert that the wrongful injunction caused them damages in the form of (1) delayed transfer of clients' investment accounts, and (2) permanent loss of clients who became frustrated by these delayed transfers. Doc. 76 at 4, 8. They assert that, during the 134-day period the TRO was in effect, fees they would have earned from those clients accrued to plaintiff instead. *Id.* at 5. Plaintiff responds that defendants sustained no damages because the TRO merely forced defendants to comply with their contractual obligations to plaintiff. Doc. 86 at 6. On this point, the court agrees with plaintiff.

*Minnesota Power & Light Co.* is instructive on the question whether a wrongfully enjoined defendant sustains damages as a result of a TRO forcing him to comply with his contractual obligations. 105 F. Supp. 2d 939. There, the defendant sought to recover on the injunction bond because he had been wrongfully enjoined from engaging in certain conduct forbidden by a contractual agreement with plaintiff. *Id.* at 941–44. And, as in this case, the injunction was wrongful because the court lacked subject matter jurisdiction over the case. *Id.* at 941. The court denied the defendant damages because, it concluded, the preliminary injunction simply mirrored the terms of plaintiff and defendant's contractual agreement. *Id.* at 943–44. If the defendant wished to recover on the bond, the court explained, he needed to provide a detailed explanation of damages and how the preliminary injunction—instead of the terms of his agreement with plaintiff—had caused those damages. *Id.* at 944. And several courts have embraced this concept in general terms, albeit not in the context of recovery on an injunction bond. These cases hold that a party sustains no harm by being forced to comply with its contractual obligations. *See, e.g.*, *Developers Sur. & Indem. Co. v. Bi-Tech Constr., Inc.*, 964 F. Supp. 2d 1304, 1310 (S.D. Fla. 2013) (holding that defendants "would not suffer harm from complying with their contractual obligations"); *Rex Med. L.P. v. Angiotech Pharm. (US), Inc.*,

754 F. Supp. 2d 616, 627 (S.D.N.Y. 2010) (holding that "being forced to comply with contractual obligations that a party voluntarily entered into is simply not the sort of 'damage' that is compensable at law").

Here, defendants never assert that they had a right to engage in the conduct enjoined. *See* Part II.A., *supra*. Defendants have acknowledged that the language of the court's TRO mirrored the terms of their contracts with plaintiff. Doc. 86-2 at 4, 6; Doc. 86-3 at 9, 10. Indeed, defendants have testified by affidavit that the TRO restrained them from violating the terms of their agreements with plaintiff. Doc. 59-1 at 1–2 (Harpsoe Aff. ¶ 6); Doc. 59-2 at 1–2 (Fowles Aff. ¶ 6). And, after the court dissolved the TRO in this case, plaintiff brought suit in a nearby Kansas state court seeking a TRO to restrain defendants from breaching their contractual obligations. Doc. 76-4 at 5. Specifically, plaintiff sought a TRO prohibiting defendants from soliciting their customers. *Id.* at 4–5. At the end of a hearing on plaintiff's request for a TRO, the Johnson County District Court restrained defendants from further solicitation of plaintiff's clients. *Id.* at 66–67. This ruling by the Kansas state court supports the conclusion that defendants have sustained no damages resulting from the wrongful injunction, because they had no right to violate their contract by soliciting plaintiff's customers. Indeed, the result in state court convinces the court that if defendants themselves had raised the jurisdictional issue sooner—instead of waiting on the court to raise it—nothing of substance would have changed. It's logical to infer that plaintiff would have done precisely what it did later, *i.e.*, file suit in state court and successfully secure a TRO from that state court.

In sum, the TRO this court issued required merely that defendants comply with their contractual obligations to plaintiff. Defendants have sustained no damages as a result of a TRO—though wrongfully issued because the court lacked subject matter jurisdiction—forcing

them to comply with contractual obligations to plaintiff.  *See Minn. Power & Light Co.*, 105 F. Supp. 2d at 944 (holding that to recover against an injunction bond, defendant must show proximately caused damages resulting from the wrongful injunction, not the terms of his contractual agreement with plaintiff).

Finally, defendants assert, plaintiff had "full control" over how it litigated this case and is responsible for bringing this action in federal court based on diversity jurisdiction.  Doc. 76 at 10.  Plaintiff, they assert, must bear the damages resulting from an injunction issued on its request.  *Id.* at 11 (citing *St. Mary of the Plains*, 1989 WL 159368, at *3 (holding that defendant may recover on injunction bond where plaintiff lacked private cause of action, because "plaintiff must be held accountable for any damages which result from an injunction entered on its request.  To condition recovery on defendant's proof of legal entitlement reduces the deterring risk to the plaintiff and creates satellite litigation.")).  But with this argument, defendants overlook the fact that they—at any point before the court dissolved the TRO—could have challenged the court's subject matter jurisdiction.  They never raised the issue.  The court sees no reason that defendants should recover now when they have failed to prove proximately caused damages.  *See St. Mary of the Plains Coll.*, 1989 WL 159368, at *4 (holding that a party must prove injuries resulting from the wrongful injunction to recover on the bond).  The court thus denies defendants' Motion to Recover Injunction Bond (Doc. 58).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Recover Injunction Bond (Doc. 58) is denied.

**IT IS SO ORDERED.**

**Dated this 30th day of March, 2020, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**